# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC SMITH, | Civil No. 08-1113 (JRT/AJB) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| TIMOTHY WENGLER, | |
| Respondent. | |

Eric Smith, #190828, Minnesota Correctional Facility-Faribault, 1100 Linden Lane, Faribault, MN 55021, petitioner *pro se*.

Michael K. Walz, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, A-2000 Hennepin County Government Center, 300 South Sixth Street, Minneapolis, MN 55487 for respondent.

On April 22, 2008, petitioner Eric Smith, currently incarcerated at a Minnesota state correctional facility, filed this petition for habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Arthur J. Boylan issued a Report and Recommendation recommending that the Court deny Smith's petition and dismiss the action with prejudice. Smith filed objections to the Report and Recommendation, and the Court reviews *de novo* those portions of the Report and Recommendation to which Smith objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

# BACKGROUND[1]

On May 27, 2005, a Hennepin County district court jury convicted Smith of second-degree possession of a controlled substance. (Petition, Docket No. 1); *see also State v. Smith*, No. A05-1641, 2007 WL 968397 (Minn. Ct. App. Apr. 3, 2007). The Minnesota Court of Appeals explained the facts underlying the conviction as follows:

> In early November 2004, an undercover Minneapolis police officer received a tip from a confidential reliable informant (CRI) that appellant Eric Smith would be delivering cocaine to a location in Minneapolis. The CRI indicated that [Smith] would be driving a gray or silver Cadillac, gave the license plate number of that vehicle, and indicated that [Smith] would be accompanied by another individual. The CRI also indicated that [Smith] often carried drugs in his buttocks area.
>
> Acting on this tip, the undercover officer set up a multiple-officer surveillance team at the designated location. The CRI accompanied the officer and identified [Smith] and the other individual when they arrived in a car matching the CRI's previous description. The car was stopped, and [Smith] was arrested and frisked. When no contraband was found, [Smith] was transported to the police station.
>
> At the station, [Smith] was strip searched. The undercover officer testified that he removed a cellophane bag that was protruding from [Smith's] buttocks. . . .
>
> Subsequent tests revealed that the cellophane bag contained 7.22 grams of cocaine, and [Smith] was charged with second-degree controlled-substance crime.

*Smith*, 2007 WL 968397, at *1.

The district court sentenced Smith to a term of imprisonment of 111 months, which he is currently serving in the Minnesota Correctional Facility-Faribault in

---

[1] The Court repeats the facts here only to the extent necessary to rule on Smith's objections to the Report and Recommendation. The Magistrate Judge and the Minnesota Court of Appeals provide more comprehensive descriptions of the background facts. (*See* Report & Recommendation at 1-4, Docket No. 17); *State v. Smith*, No. A05-1641, 2007 WL 968397, at *1-2 (Minn. Ct. App. Apr. 3, 2007)

Faribault, Minnesota. (Petition ¶ 3, Docket No. 1.) Smith appealed his conviction to the Minnesota Court of Appeals, arguing through counsel that the district court

> committed prejudicial error by: (1) **conducting an in camera examination of an undercover officer regarding information supplied by a confidential informant**; (2) inadequately sanctioning the prosecution for an alleged discovery violation; (3) conducting the suppression hearing so as to give the appearance of fundamental injustice; (4) denying a discovery request for disciplinary complaints against the undercover officer; and (5) reading portions of the undercover officer's testimony to the jury.

*Id.* (emphasis added). In a *pro se* appellate brief, Smith

> further argue[d] that his conviction should be reversed because there was not an adequate basis for his stop and arrest, that crucial evidence was improperly handled, that a *Schwartz* hearing should have been conducted regarding statements made in a posttrial letter from a juror, and that the prosecution received an unfair advantage in seeing certain records.

*Id.* The Minnesota Court of Appeals affirmed the district court, *see id.* at *9, and on June 19, 2007, the Minnesota Supreme Court denied Smith's petition for further review.

Of those claims, only Smith's argument that the district court committed prejudicial error by "closing the courtroom during part of the suppression hearing and conducting an in camera examination of the undercover officer" is pertinent to Smith's objections to the Report and Recommendation. *Id.* at *2. Regarding that claim, the Minnesota Court of Appeals explained:

> At the time of the suppression hearing, the issue was whether the police officers had an adequate basis to stop [Smith's] vehicle and to arrest and search [Smith]. The police relied on the tip that they had received from the CRI, and the district court had previously denied [Smith's] requests for disclosure of the CRI's identity [and Smith did not challenge those denials]. On cross-examination, [Smith's] counsel asked the undercover officer questions that caused the officer to voice concerns that answering these questions would disclose the CRI's identity. At this point in the suppression hearing, the district court closed the courtroom and conducted an in camera examination of the undercover officer outside of [Smith's]

> presence for the apparent purpose of determining whether the questions would compromise the CRI's identity.
>
> After the in camera examination, the district court reopened the courtroom and stated, "I'm satisfied that the CRI is, in fact, a reliable confidential informant." [Smith] objected, and he now argues that the district court "used whatever discussion occurred with [the officer] to make a factual finding on the reliability of the informant."

*Id.* at *2-3 & n.1 (last alteration in original).

After reviewing the record from the district court, the Minnesota Court of Appeals concluded in relevant part:

> (1) that [Smith] was afforded ample opportunity to question the undercover officer, and [Smith's] attorney actually did question the undercover officer about matters related to the CRI's reliability; (2) that the district court did not obtain material evidence in camera that prejudiced [Smith's] right to be present and confront the undercover officer on the issue of reliability of the CRI; and (3) that on this record, the district court did not err in denying [Smith] the right to be present during a portion of the suppression hearing.

*Id.* at *3.

On April 22, 2008, Smith filed with this court a petition for writ of habeas corpus under 28 U.S.C. § 2254. In that petition, Smith contends that (1) he was illegally seized, searched, and arrested under a false pretense of a minor traffic violation; (2) the prosecutor in his trial committed misconduct by obtaining the undercover officer's "base file," which included disciplinary complaints; and (3) the trial judge abused his discretion by holding an *in camera* discussion with the undercover officer in violation of Smith's right to confrontation. (Petition ¶ 9, Docket No. 1.)

The Magistrate Judge issued a Report and Recommendation recommending that the Court deny Smith's petition. The Magistrate Judge first concluded that Smith could not pursue habeas relief based on the alleged illegal search and seizure, because Smith

was afforded a full and fair opportunity to litigate those claims in state court. (Report & Recommendation at 7, Docket No. 17); *see also Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995) ("Fourth Amendment claims may not be raised in a petition for habeas corpus when the state has afforded the petitioner a full and fair opportunity to litigate those claims."). Second, the Magistrate Judge concluded that Smith failed to exhaust his prosecutorial misconduct claim in state court, and that the claim is procedurally defaulted. (Report & Recommendation at 10, Docket No. 17.) Finally, the Magistrate Judge concluded that the state district court did not err in denying Smith the right to be present during a portion of a suppression hearing and that Smith's claim under the Sixth Amendment's Confrontation Clause is procedurally defaulted. (*Id.* at 13-14). Smith filed timely objections to the Report and Recommendation. Smith now contends that his appellate attorney was constitutionally ineffective because, in arguing the Sixth Amendment Confrontation Clause claim in the appellate brief, Smith's attorney cited case law that the Supreme Court had previously abrogated. (Objections to Report & Recommendation at 1, 3, Docket No. 18.)

## DISCUSSION

### I. STANDARD OF REVIEW

A state prisoner may petition for habeas relief if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

Before seeking federal habeas relief, a state prisoner must first exhaust state court remedies. *Id.* § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). This gives the state "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (internal quotation marks).

To exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Fair presentment requires that the prisoner "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (internal quotation marks omitted). A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

Under Minnesota law, "[o]nce a petitioner has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of direct

appeal are barred from consideration in any subsequent petitions for postconviction relief." *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008) (quoting *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995). "[F]ederal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002).

## II. SMITH'S OBJECTIONS

In his habeas petition, Smith contends that his right to confront witnesses as guaranteed by the Sixth Amendment was violated in several respects. "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (quoting U.S. Const. amend. VI) (alterations in original). Smith argues that the state district court "abused its discretion by removing [Smith] and the public from the courtroom, and holding an *in camera* conversation with [the undercover police officer] denied [Smith] the right to confront witnesses against him and by not suppression [sic] the illegally seized evidence." (Petition at 9, Docket No. 1.) Smith also argues that the district court's refusal to permit

Smith to cross-examine the CRI violated Smith's right to confront witnesses under the Sixth Amendment. (*Id.*)

The Magistrate Judge concluded that "the district court did not err in denying [Smith] the right to be present during a portion of the suppression hearing . . . . [and Smith's] right to a public trial was not violated[.]" (Report & Recommendation at 13, Docket No. 17.) The Magistrate Judge also concluded that Smith failed to exhaust the Confrontation Clause claim as it related to Smith's request to cross-examine the CRI, and that that claim is procedurally defaulted. (*Id.* at 14.)

Smith does not object to the substance of the Magistrate Judge's legal conclusions. Instead, Smith argues that the Court should excuse the procedural default because Smith's appellate counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). (Objections to Report & Recommendation at 1, 3, Docket No. 18.) Specifically, Smith contends that on appeal his counsel improperly cited *Ohio v. Roberts*, 448 U.S. 56 (1980), in support of Smith's Confrontation Clause claim, despite the Supreme Court's abrogation of *Roberts* one year earlier in *Crawford v. Washington*, 541 U.S. 36 (2004). Smith's arguments are unavailing.

First, to the extent that Smith argues that he is entitled to habeas relief on the basis of ineffective assistance of counsel under *Strickland*, *see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (noting that courts construe *pro se* pleadings liberally), that claim is procedurally defaulted. Smith first raised the ineffective assistance of counsel claim in his objections to the Report and Recommendation, and Smith did not raise that claim at any time in the Minnesota court proceedings. *See Cooper*, 745 N.W.2d at 190-91.

Accordingly, the Court need not address whether an ineffective assistance of counsel claim could provide a basis for habeas relief.[2]

Second, Smith has not demonstrated cause for default of the Confrontation Clause claim or that failure to consider that claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Initially, it is unclear how Smith's appellate counsel's citation to allegedly abrogated case law might excuse procedural default of the Confrontation Clause claim. Even assuming that ineffective assistance of Smith's appellate counsel could excuse procedural default of that claim, Smith would have to "show that (1) [his] . . . counsel's performance was so deficient as to fall below an objective standard of reasonable competence; and (2) the deficient performance prejudiced [his] defense." *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (internal quotation marks omitted; second alteration in original); *see also Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006) (applying *Strickland* in reviewing a habeas petitioner's claim that his appellate counsel was constitutionally ineffective).

Smith has not satisfied the first prong under *Strickland* and therefore has not demonstrated cause for the procedural default. The appellate brief mentions *Roberts* once, as follows: "a defendant has a constitutional right to confront the witnesses against him. U.S. Const. Amend. VI; *see also Ohio v. Roberts*, 448 U.S. 56, 64-65 (1980) (discussing scope of confrontation right)." (Appellant's Brief at 17, Answer, Docket

---

[2] Where the Court construes Smith's ineffective assistance of counsel argument as a separate basis for habeas relief, Smith has not demonstrated cause for procedural default of that claim.

No. 16, App. 3). Although *Crawford*'s abrogation of *Roberts* is well-recognized,[3] Smith's counsel cited *Roberts* for an established and valid constitutional principle. Further, in the appellate brief, Smith's counsel did not rely solely on *Roberts* or attempt to apply a principle from *Roberts* that *Crawford* later abrogated. In short, Smith has not demonstrated that his appellate counsel's performance was deficient under *Strickland*, that the alleged error or ineffective assistance of counsel caused the procedural default, or that failure to consider the Confrontation Claim would result in a miscarriage of justice. *See Coleman*, 501 U.S. at 750.

Because the Court finds no error in the remainder of the Magistrate Judge's analysis, the Court overrules Smith's objections and adopts the Report and Recommendation in its entirety.

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds it unlikely that reasonable jurists would find the issues raised in

---

[3] "In *Crawford,* the Court overruled *Ohio v. Roberts* and held that 'testimonial' hearsay is inadmissible [sic] against a criminal defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *Evans v. Luebbers*, 371 F.3d 438, 444 (8th Cir. 2004).

Smith's § 2254 petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability in this case.

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 18] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated June 10, 2009, [Docket No. 17]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED.**

2. For the purposes of appeal, the Court does not grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 8, 2010       ____s/ John R. Tunheim____
at Minneapolis, Minnesota.      JOHN R. TUNHEIM
     United States District Judge